**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JAMAAL R. BRADLEY** | § | |
| **(Bastrop No. 33643),** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **V.** | § | **A-22-CV-489-LY** |
| | § | |
| **COUNTY OF BASTROP, et al.,** | § | |
| **DEFENDANTS.** | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
         UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff's complaint.  Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Bastrop County Jail.  Public criminal case records for Bastrop County show Plaintiff was indicted on November 10, 2020, for injury to an elderly individual, habitual, in Cause No. 17,216.  Plaintiff was arraigned on November 23, 2020, and a pretrial hearing is currently set for August 8, 2022.

1

Plaintiff alleges he has been denied access to the courtroom, to talk in court, to assert his rights to a speedy trial, and to receive all of his discovery. Plaintiff complains the State fails to act on his motions and letters and uses his attorney to hamper his defense. The trial for Plaintiff's criminal case has been cancelled twice. Plaintiff complains he has been unable to face his accuser in court.

Plaintiff sues the County of Bastrop, the City of Bastrop, the Bastrop County District Attorney's Office, District Attorney Brian Goertz, Assistant District Attorney Philip Loyd Hall, and Assistant District Attorney Lindsey Simmons. Plaintiff seeks $20 million in compensatory and punitive damages and a speedy trial on his seven claims raised in his complaint.[1] Plaintiff lists his claims as: (1) official oppression; (2) municipal liability; (3) negligence; (4) vindictive discriminatory enforcement; (5) failure to intervene; (6) pain and suffering; and (7) denial of access to the courts by restraining his liberty by punishment prior to an adjudication of guilt.

## DISCUSSION AND ANALYSIS

A.   Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

---

[1] To the extent Plaintiff may be requesting a speedy trial in his criminal case he may raise that issue in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 after he exhausts his state court remedies.

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972).  However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

B.    Eleventh Amendment Immunity

Plaintiff's claims seeking monetary relief against the Bastrop County District Attorney's Office, Bastrop County District Attorney Brian Goertz and Assistant District Attorneys Philip Loyd Hall and Lindsey Simmons, in their official capacities, are barred by Eleventh Amendment Immunity.  When acting in their official capacities, Texas district attorneys are considered agents of the state, who are immune from claims for damages under the Eleventh Amendment.  *Arnone v. County of Dallas, Tex.*, 29 F.4th 262, 268-72 (5th Cir. 2022);  *Neinast v. Texas*, 217 F.3d 275, 280 (5th Cir. 2000); *Esteves v. Brock*, 106 F.3d 674, 678 (5th Cir. 1997); *Quinn v. Roach*, 326 Fed. Appx. 280, 292–293 (5th Cir. May 4, 2009).

C.    Prosecutorial Immunity

Plaintiff's claims against Defendants Bastrop County District Attorney Brian Goertz and Assistant District Attorneys Philip Loyd Hall and Lindsey Simmons, in their individual capacities for monetary damages regarding their prosecutorial functions, are barred by prosecutorial immunity. Prosecutors are absolutely immune from liability under the federal civil rights statutes with regard to actions taken by them within the course and scope of representing the governmental agencies and subdivisions in judicial proceedings. Under the doctrine of prosecutorial immunity, a prosecutor is absolutely immune in a civil rights lawsuit for any action taken in connection with a judicial

proceeding. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Burns v. Reed*, 500 U.S. 478, 487-92 (1991); *Imbler v. Pachtman*, 424 U.S. 409, 427-31 (1976). "[A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protection of absolute immunity." *Boyd*, 31 F.3d at 285 (quoting *Buckley v. Fitzsimmons*, 509 U.S. at 273). Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process. *Boyd*, 31 F.3d at 285; *Graves v. Hampton*, 1 F.3d 315, 318 (5th Cir. 1993). Thus, a prosecutor is immune from civil rights liability for actions taken in connection with a judicial proceeding, even if taken maliciously. *Brummett v. Camble*, 946 F.2d 1178, 1181 (5th Cir. 1991); *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987).

The Court recognizes that not all prosecutorial functions are protected. In *Imbler*, the Court declared that absolute immunity applied to a prosecutor's actions in "initiating a prosecution and in presenting the State's case." *Imbler*, 424 U.S. at 431. This immunity protected the alleged knowing use of false testimony at trial and the alleged deliberate suppression of exculpatory evidence. In *Imbler*, the Court left open the issue of whether absolute immunity applied to administrative or investigative acts. However, in *Burns*, the Court answered that question, stating that absolute immunity does not apply to investigative or administrative acts performed by prosecutors. *Burns*, 500 U.S. at 493.

In this action Plaintiff does not allege any actions taken by the defendants that were outside the course and scope of representing the District Attorney's Office in Plaintiff's criminal proceedings. Therefore, District Attorney Brian Goertz and Assistant District Attorneys Philip Loyd Hall and Lindsey Simmons are protected by absolute immunity.

D.   Municipal Liability

To the extent Plaintiff sues Bastrop County and the City of Bastrop for actions taken by the prosecutors in his criminal case his claims fail.  Municipal liability claims require three elements: "(1) a policymaker; (2) an official policy; and (3) a violation of a constitutional right whose 'moving force' is the policy or custom."  *Alvarez v. City of Brownsville*, 904 F.3d 382, 389 (5th Cir. 2018) (*en banc*).  The county or the city can be held liable for policies "only for those decided or acquiesced to by a county [or city] policymaker."  *Arnone*, 29 F.4th at 266.

The prosecutors are acting for the state in Plaintiff's criminal proceedings in Bastrop County. Consequently, there is not a county policymaker to support Plaintiff's municipal liability claims.  *Id.* at 272 (explaining, when district attorney acts for state, there is no county policymaker to support municipal-liability claim).

RECOMMENDATION

It is therefore recommended that Plaintiff's claims against the Bastrop County District Attorney's Office, Bastrop County District Attorney Brian Goertz, and Assistant District Attorneys Philip Loyd Hall and Lindsey Simmons, in their official capacities, be DISMISSED WITHOUT PREJUDICE for want of jurisdiction and Plaintiff's remaining claims be DISMISSED WITH PREJUDICE for failure to state a claim pursuant to 28 U.S.C. § 1915(e).  To the extent Plaintiff is seeking a speedy trial in his state criminal case, Plaintiff's request should be DISMISSED WITHOUT PREJUDICE to filing a petition for writ of habeas corpus.

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other

actions in forma pauperis unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three-strikes list.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

**SIGNED** on May 26, 2022.

_____

MARK  LANE
UNITED STATES MAGISTRATE JUDGE